UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
AARON KATZEL,                                                 :
                              Plaintiff,                      :     **ORDER GRANTING**
       v.                                                     :     **MOTION FOR**
                                                              :     **RECONSIDERATION**
PETER SOLMSSEN, et al.,                                       :
                                                              :     20 Civ. 7220 (AKH)
                              Defendants.                     :
                                                              :
------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

Two of the three Defendants -- Lucy Fato ("Fato") and Peter Solmssen ("Solmssen"), (together, the "Individual Defendants) – move for reconsideration of my order denying their motion to dismiss the complaint. *See* ECF Nos. 28, 30. The third defendant, American International Group, Inc. ("AIG") accepts my order, and does not join their motion.

I had denied defendants' motion, not because I thought it to be without merit, but because they raised facts outside the complaint, and I considered it more appropriate to deal with the substance of the motion, against each defendant, upon a full record under Fed. R. Civ. P 12(c). However, upon reconsideration, the record presented to me is complete, and there is no reason to delay. If there is no case against the Individual Defendants, they should not be defendants, and I should not defer decision about their status. Adding motion practice would add unnecessarily to the expense of defense. I hold, in the interest of justice, that the Individual Defendants' motion for reconsideration should be granted and, for the reasons discussed below, dismiss the complaint against the Individual Defendants. Counts One, Two and Three remain against AIG.

Plaintiff Aaron Katzel ("Plaintiff" or "Katzel") worked in AIG's Legal Operations Center for ten years, ultimately becoming head of the department. *See* Compl. ¶ 2, ECF No. 1. During that time, he alleges that AIG engaged in "actual and perceived violations of federal law relating

to fraud against shareholders and investors," tolerated malfeasance by executives and employees, and had internal control weaknesses. *Id.* ¶¶ 1, 3. In January 2017, Katzel formally reported these violations to AIG's Compliance Department, led by Defendant Solmssen, and AIG began an investigation into his concerns. *Id.* ¶¶ 13-14. Plaintiff alleges that shortly after he made his report of violations, and despite recent positive performance evaluations, Solmssen fired him. *Id.* ¶ 17. On October 27, 2017, Katzel filed a complaint with the Occupational Safety and Health Administration ("OSHA"). *Id.* ¶ 27. In retaliation, Plaintiff alleges, AIG, acting through its newly-hired General Counsel, Defendant Fato, terminated all Plaintiff's performance-related equity interests, and destroyed all records relating to his one million dollars of equity. *Id.* ¶¶ 19-20.

On December 21, 2018, Plaintiff requested a *de novo* hearing with OSHA, and the matter was assigned to Administrative Law Judge Lauren C. Boucher. *Id.* ¶ 28. On February 27, 2020, Plaintiff filed a notice of intent with Administrative Law Judge Boucher to file a complaint in the U.S. District Court, since more than 180 days had passed from the time Plaintiff had filed his complaint with OSHA, and the Secretary had not issued a final decision. *Id.* ¶ 29-30. On September 3, 2020, Plaintiff filed this suit against Defendants AIG, Fato, and Solmssen, alleging that he was unlawfully terminated in retaliation for reporting AIG's violations. *See id.* ¶ 1. Plaintiff alleges four causes of action: retaliation in violation of the Sarbanes-Oxley Act of 2002 ("SOX") against AIG and Solmssen, post-termination retaliation in violation of SOX and the whistleblower protection provision of Dodd-Frank, 18 U.S.C. § 1514; § 78U 6(h)(1)(A)(i)-(iii) against AIG and Fato, common law breach of contract against AIG, and common law tortious interference with contract against AIG and Fato. *See id*.

On October 9, 2020, the three Defendants filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. I denied the motion on October 15, 2020, stating that "[t]he motion, although brought pursuant to Rule 12(b)(1) and (6) does not show any

absence of jurisdiction, and is based on merits arguments outside the pleading." *Id.* On October 28, 2020, Fato and Solmssen filed separate motions for reconsideration under Local Rule 6.3.

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (internal quotation marks omitted). "Under Local Rule 6.3, which governs motions for reconsideration, the moving party must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision." *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000).

The Individual Defendants argue that the Court overlooked caselaw and factual matters establishing the lack of subject matter jurisdiction over the SOX claims against Fato and Solmssen. The moving Defendants argue that Plaintiff failed to exhaust his administrative remedies as required by SOX. Fato Mot. 2. Fato separately argues that Dodd-Frank does not extend liability to officers of a company, only the employer. *Id.* at 3-4. Because Defendant Fato was not Plaintiff's employer, she cannot be held liable under Dodd-Frank. *Id.* 4. Finally, Defendant Fato argues that Plaintiff has not sufficiently alleged that she tortiously caused any breach of contract, as the alleged breach, according to Plaintiff's timeline, occurred months before Defendant Fato assumed responsibility for the Human Resources Department. *Id.*

In regard to Plaintiff's SOX claims against Fato and Solmssen, Defendants argue that failure to comply with SOX's exhaustion requirement is jurisdictional, and that I had competence under Rule 12(b)(1) to consider matters outside the complaint. The Second Circuit so held, based on the text of the statute, which required exhaustion in the same provision as its jurisdictional provision. *Daly v. Citigroup Inc.*, 939 F.3d 415, 426 (2d Cir. 2019). The Second Circuit held

3

that SOX's administrative exhaustion requirement is a "jurisdictional prerequisite to suit in federal court. . . [which] expressly grants federal jurisdiction only when specific administrative remedies have been exhausted." *Id.* Failure to comply with the exhaustion requirements of SOX thus deprives courts of subject matter jurisdiction. *See Fraser v. Fiduciary Trust Co., Int'l*, No. 04-cv-6958 (RMB), 2005 WL 6328596, at *6 (S.D.N.Y. June 23, 2005). Plaintiff bears the burden of establishing jurisdiction. *See Sharkey v. J.P. Morgan Chase & Co.*, 805 F. Supp. 2d 45, 51 (S.D.N.Y. 2011).

The proceeding in OSHA must be against the party in interest, and Plaintiff cannot sue under SOX except if such a proceeding was brought against that party. Plaintiff sued AIG in the OSHA proceedings, not either of the Individual Defendants, and waited 180 days without having a decision before he sued AIG. See 18 U.S.C. § 1514A(b)(1)(B); *see Daly v. Citigroup Inc.*, 939 F.3d 415, 426–28 (2d Cir. 2019). But he did not make claim in OSHA against either Solmssen or Fato, and so failed to exhaust against either. They may have been involved factually, but that is not enough. As several of my colleagues have held, the exhaustion requirement requires that the Defendant be a named person in the underlying OSHA proceeding. *Feldman-Boland v. Stanley,* 2016 WL 3826285, at *5 (S.D.N.Y. July 13, 2016). "The appropriate inquiry under SOX is not whether every fact forming the basis for the belief that gave rise to a plaintiff's protected activity was previously administratively pled, but whether each separate and distinct claim was pled before the agency." *Sharkey*, 805 F. Supp. 2d at 53. Thus, district courts "have consistently held that a plaintiff may not sue a particular defendant in federal court, or assert a particular claim, unless he has exhausted his administrative remedies as to that defendant or claim." *Smith v. Corning Inc.,* No. 06-CV-6516 CJS, 2007 WL 2120375, at *2 (W.D.N.Y. July 23, 2007) (collecting cases); *Fraser v. Fiduciary Tr. Co. Int'l,* 2005 WL 6328596, at *6 (S.D.N.Y. June 23, 2005). "The administrative regulations indicate the necessity of listing as defendants the particular "named persons" who are alleged to have violated the Act." *Smith*,

4

2007 WL 2120375, at *2 (citing 29 C.F.R. § 1980.101) ("Named person means the employer and/or the company or company representative named in the complaint who is alleged to have violated the act."). It is insufficient for a plaintiff to "merely mention an individual in an administrative complaint' without specifically identifying the defendant as a 'named person' in the administrative action." *See Feldman-Boland,* 2016 WL 3826285, at *5 (quoting *Smith*, 2007 WL 2120375, at *2) (dismissing SOX claim where defendant was not a named person in the complaint); *see also Bozeman v. Per-Se Technologies, Inc.*, 456 F.Supp.2d 1282, 1358 (N.D.Ga. 2006). This requirement provides OSHA with the notice "that it [is] required to investigate [the individual's] actions in [the] case." *See Hanna v. WCI Cmtys., Inc.*, 2004 U.S. Dist. LEXIS 25652 at *8-9 (S.D. Fla. Nov. 15, 2004). This gives the agency "a fair and full opportunity to adjudicate [the] claims." *Woodford v. Ngo,* 548 U.S. 81, 90 (2006).

Plaintiff argues that Defendants were given fair notice of the charges against them. The argument is conclusory, since the individuals were not named as Respondents, and OSHA was not given cause to discharge its obligation to investigate those who were not respondents. Plaintiff's OSHA Complaint did not give the agency notice to investigate and fully and fairly adjudicate the claims against Solmssen and Fato. I hold that Plaintiff has not exhausted his administrative remedies against Fato and Solmssen, and cannot sue them in court. Plaintiff's claims against them are dismissed for lack of subject matter jurisdiction.

I hold also that Plaintiff has failed to state a claim against Defendant Fato under Dodd-Frank (Count two of the complaint). While the claim under SOX against AIG and Solmssen in Count one may have similarities to the claim under Dodd-Frank in Count two, against AIG and Fato, the statutes differ in important respects. *See Digital Realty Trust, Inc. v. Somers,* 138 S.Ct. 767, 772, 774 (2018) (explaining the differences between SOX and Dodd-Frank and construing Dodd-Frank's whistleblower retaliation provision more narrowly than SOX); *Daly v. Citigroup Inc.*, 939 F.3d 415, 424–25 (2d Cir. 2019) (explaining that the whistleblower retaliation

provisions of Sarbanes-Oxley and Dodd-Frank diverge significantly in their "prohibited conduct, statute of limitations, and remedies."). As Fato explains, liability under Dodd-Frank's anti-retaliation provision is more restrictive than liability under SOX. The SOX whistleblower provision states that "[n]o company. . . or any officer, employee, contractor, subcontractor, or agent of such company. . . may discharge, demote, suspend, threaten, harass, or in any other manner discriminate against an employee in the terms and conditions of employment because of any lawful act done by the employee." 18 U.S.C. § 1514A(a). In contrast, Dodd-Frank's whistleblower provision states that, "[n]o employer may discharge, demote, suspend, threaten, harass, directly or indirectly, or in any other manner discriminate against, a whistleblower in the terms and conditions of employment because of any lawful act done by the whistleblower." 15 U.S.C. § 78u-6(h)(1)(A). The statute, by its plain language, does not extend liability to officers, employees, or agents of the employer. *See Marciniszyn v. PerkinElmer Inc.*, No. 3:18-CV-494(AWT), 2018 WL 8729590, at *10 (D. Conn. Mar. 27, 2018) (finding no individual liability under Section 78u-6(h), as plaintiff's direct supervisors were not his employers).

Here, Plaintiff cannot establish individual liability against Defendant Fato. Plaintiff alleges in the Complaint that he was employed by AIG. *See* Compl. ¶ 1. Fato is only alleged to be the General Counsel, and Interim Head of Human Resources for AIG. *Id.* ¶¶ 177, 195. Moreover, even if liability extended to officers of a company, the allegations in the complaint establish that Fato was not hired until after Plaintiff was terminated. *Id.* She therefore could not have employed Plaintiff when she herself was not employed by AIG. Plaintiff's claim against Defendant Fato under Dodd-Frank is therefore dismissed.

Finally, Plaintiff's claim for tortious interference with the contract must also fail. "[A]n officer of a corporation acting on its behalf and within the scope of his authority cannot be personally liable for inducing the corporation to breach a contract with a third party unless the officer has engaged in individual separate tortious acts." *Smith v. Fid. Mut. Life Ins. Co.*, 444 F.

Supp. 594, 599 (S.D.N.Y. 1978) (citing *A. S. Rampell, Inc. v. Hyster Co.*, 3 N.Y.2d 369, 165 N.Y.S.2d 475, 144 N.E.2d 371 (1957)); *In re JWP Inc. Sec. Litig.*, 928 F. Supp. 1239, 1262 (S.D.N.Y. 1996) (citing *Murtha v. Yonkers Child Care Ass'n, Inc.*, 411 N.Y.S.2d 219, 220 (1978)) (A corporate officer charged with inducing the breach of a contract is immune from liability if it appears that he is acting in good faith as an officer and did not commit independent torts or predatory acts directed at another). Plaintiff has not alleged that Defendant Fato acted independently from her position at AIG or beyond the scope of her authority. To the contrary, the complaint alleges that Fato interfered with the contract in her role as Interim Head of Human Resources. Fato was therefore carrying out a corporate business action on behalf of AIG, and therefore cannot be held individually liable.

     Moreover, Plaintiff has not shown that Defendant Fato interfered with the termination of his equity interests or the contract with UBS for the maintenance of his equity. The Complaint is devoid of any allegations of any actions taken by Fato to interfere with his agreement with UBS. Plaintiff alleges that the accounts with UBS were managed through AIG's Human Resources Department, which, "for a time, was led by" Fato. Compl. ¶ 238. However, Plaintiff alleges that Defendant Fato did not assume the role of Interim Head of Human Resources until months after the interests were terminated. Compl. ¶¶ 197-198. Plaintiff cannot show that Fato interfered with his interests, since she was not in the position to do so until after alleged breach occurred. Because Plaintiff has not shown that Fato was involved in the termination in any capacity, he has failed to state a claim under which relief can be granted for tortious interference with contract against Defendant Fato. In any event, I decline to exercise supplemental jurisdiction over Plaintiff's claim of tortious interference against Fato under 18 USC § 1367. The question of whether Defendant Fato tortuously interfered with Plaintiff's agreement with UBS is a significant digression from the core issues of the remaining federal claims against Defendant AIG. Plaintiff's claim against Fato for tortious interference with contract is hereby dismissed.

For the foregoing reasons, the motions for reconsideration by the Individual Defendants are granted. Defendants Fato and Solmssen are dropped from the action. The Clerk shall terminate the open motions, ECF Nos. 28, 30. Oral argument, currently scheduled for March 16, 2021, is cancelled.

Plaintiff shall file an amended complaint with a reformed caption by April 9, 2021, consistent with this Order and removing the dismissed claims against Defendants Fato and Solmssen. Defendant AIG shall file an amended answer by April 30, 2021. Plaintiff and AIG, by counsel, shall attend an Initial Case Management Conference on May 14, 2021, at 10:00 am.

SO ORDERED.

Dated:    March 15, 2021                       /s/ Alvin K. Hellerstein
         New York, New York                 ALVIN K. HELLERSTEIN
                                                    United States District Judge