**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AARON KATZEL, | ) |
| | ) 20-CV-07220 (AKH)(SDA) |
| Plaintiff, | ) |
| | ) |
| -*against*- | ) |
| | ) |
| AMERICAN INTERNATIONAL GROUP, | ) |
| INC., | ) |
| | ) |
| Defendant. | ) |

## CONFIDENTIALITY STIPULATION AND ORDER

Plaintiff Aaron Katzel and Defendant American International Group, Inc. (collectively the "Parties" and each a "Party") submit the following Stipulation and Order ("Stipulation") pursuant to Fed. R. Civ. P. 26(c) that confidential information be treated and disclosed only in the following designated ways:

1.      As used in this Stipulation, the terms identified in this Paragraph are defined as follows:

      a.      "Action" means the above-captioned case as well as the prior matter before the Department of Labor, *In the Matter of Aaron Katzel against American International Group, Inc.,* Case No. 2019-SOX-00014, where discovery regarding this matter has already taken place, documents produced, and depositions taken;

      b.      "Attorneys" means current and former counsel of record, including attorneys and staff at their law firms;

      c.      "Confidential Information" means any information of any type, kind or character that is designated as "Confidential" by any of the supplying or receiving Parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise, whether designated in the prior proceeding in the Department of Labor, Case. No. 2019-SOX-00014, or in the proceeding before this Court;

      d.      "Documents" means all materials within the scope of Fed. R. Civ. P. 26; including all documents produced in this matter or previously produced in

the preceding matter before the Department of Labor, *In the Matter of Aaron Katzel against American International Group, Inc.,* Case No. 2019-SOX-00014;

e.   "Outside Vendors" means consultants or entities retained by outside counsel to assist or serve as jury consultants, translators, interpreters, graphic artists or document/information consultants, messenger, copy, coding, and other clerical-services vendors not employed by a Party or its Attorneys; and

f.   "Written Assurance" or "Undertaking" means an executed document in the form attached as Exhibit A which is only applicable to outside experts or consultants.

2.   A Party may designate a Document "Confidential" to protect information within the scope of Fed. R. Civ. P. 26(c). However, nothing in this Stipulation shall limit a Party's obligation to produce relevant and responsive Documents pursuant to Fed. R. Civ. P. 26(a).

3.   A Party may designate as "Confidential" only that information that it in good faith after review believes contains information of a confidential or sensitive nature, including but not limited to non-public, proprietary, or confidential business, personal, or financial information. This includes, but is not limited to, Documents that a Party (1) believes the disclosure of which to representatives of the adverse Party would cause it competitive harm, including but not limited to strategic plans, marketing plans, research and development information, proprietary technical Documents, and other commercially sensitive competitive information that the supplying Party maintains as highly confidential in its business; (2) relates to Plaintiff's current employer or terms of employment; or (3) relates to medical records.

4.   All Documents exchanged by the Parties in discovery shall be used by the Party receiving such Documents solely for the purpose of this Action. Any other use is prohibited. No person receiving Documents containing Confidential Information shall, directly or indirectly, use, transfer, disclose, or communicate in any way the Documents or their contents to any person other than those specified in paragraph 5 below.

CONFIDENTIALITY STIPULATION

5.     Access to information designated as "Confidential" shall be limited to:

    a.     the Court and its staff;

    b.     Attorneys, their law firms, and their Outside Vendors;

    c.     Mr. Katzel and all persons at American International Group, Inc. ("AIG") who are involved in this litigation;

    d.     Upon signing the Undertaking, a third-party witness or deponent who an Attorney is preparing for testimony or any witness appearing for a deposition or a trial;

    e.     Outside experts or consultants retained or in good faith proposed to be retained for the purpose of assisting Attorneys in the prosecution or defense of this Action or testifying at trial and their secretarial, clerical, and other supporting personnel, to the extent deemed necessary in good faith by the retaining counsel to enable a consultant or expert to evaluate the proposed retention and/or provide such assistance or testimony; provided that the disclosure of Confidential Information to such an expert or consultant shall be made only after

        i.     the expert or consultant provides to counsel of a receiving Party desiring to disclose Confidential Information to such an expert or consultant a completed and signed Undertaking in the form of Exhibit A attached hereto, which Undertaking the receiving Party shall retain and, if requested, produce to another Party after the deadline for service of expert disclosures.

    f.     Persons shown on the face of the document to have authored or received it; and

    g.     Court reporters retained to transcribe testimony.

6.     Third Parties producing Documents in the course of this Action may also designate the materials produced as "Confidential" subject to the same protections and constraints as the Parties to the Action.  The Parties shall have the right to review such Third Party production and to in good faith and reasonably designate any portions thereof "Confidential" subject to and as provided in this Stipulation. A copy of this Stipulation shall be served along with any subpoena served in connection with this Action.

CONFIDENTIALITY STIPULATION

7.     Nothing in this Stipulation shall be construed to require the disclosure of information, Documents or things protected from disclosure by the attorney-client privilege, the attorney-work product immunity or any other applicable privilege or immunity. A producing Party may produce a redacted version of information, Documents or things that it contends is protected from disclosure by the attorney-client privilege, the attorney-work product immunity or any other identified applicable privilege or immunity. For each Document withheld or redacted based upon privileged or immune material, the Producing Party shall disclose a privilege log within a reasonable time after its production has concluded which sets forth the basis of the privilege being asserted and sufficiently describes the subject matter and characteristics of the information being withheld consistent with Southern District of New York Local Rule 26.2(c). In the event that a Party produces information, Documents or things that are protected from disclosure under the attorney-client privilege, work-product immunity or any other identified applicable privilege or immunity, such production will be deemed inadvertent and shall not prejudice such claim or otherwise constitute a waiver of any claim of attorney-client privilege, work-product immunity or any other identified applicable privilege or immunity. The failure to take reasonable steps to prevent disclosure in response to requests for production in this Action shall not give rise to a waiver of the privilege. A producing Party may at any time notify the receiving Party of the inadvertent production in writing and request that the inadvertently produced information, Documents or things be returned to the producing Party. Within seven (7) business days of receiving such notice and request, the receiving Party shall return, sequester or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; and must take reasonable steps to retrieve the information if the Party disclosed it before being notified. The receiving Party may challenge the claim of privilege or immunity asserted by the producing Party upon notification to the producing Party and to the Court only after

the receiving Party has returned the inadvertently produced document to the producing Party, with the exception that the receiving Party may retain one copy of such material for the purpose of submitting such material to the Court for *in camera* review. The receiving Party shall also destroy summaries of, notes relating to, and extracts and/or data derived from any such inadvertently or mistakenly produced information, immediately if no challenge is made to the privilege claim by the receiving Party, or upon resolution by the Court of any challenge in favor of the Producing Party.

8.     All depositions or portions of depositions taken in this Action that contain Confidential Information may be designated "Confidential" and thereby obtain the protections accorded other "Confidential" Documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other Party within ten (10) business days of receipt of the final transcript by the designating Party's counsel. Unless otherwise agreed, depositions shall be treated as "Confidential" until ten (10) business days after receipt of the final transcript, or until receipt of the written notice referred to in this subparagraph, whichever occurs sooner.  The deposition of any witness (or any portion of such deposition) that encompasses "Confidential" information shall be taken only in the presence of persons who are qualified to have access to such information, unless otherwise agreed to by the parties.

9.     Any Party who inadvertently fails to identify Documents as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated Documents. A Party that uses advanced analytical software applications and linguistic tools to screen Documents for privilege and work product may be found to have taken reasonable steps to prevent inadvertent disclosure. Any Party receiving such improperly-designated Documents shall retrieve such Documents from persons not entitled to receive those

Documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated Documents.

10.    This Stipulation shall not prevent any Party from using Confidential Information in any affidavit, brief, memoranda of law, or other papers filed with the Court. However, the Party using "Confidential" Documents must attempt to provisionally seal such Documents in order to provide the producing Party an opportunity to be heard on whether such information shall be permanently sealed, unless otherwise agreed to by the Parties.

11.    Any Party may request a change in the designation of any information designated "Confidential." Any such document shall be treated as originally designated unless and until the change is completed. The Parties shall promptly meet and confer to attempt to resolve the disputed designation.  If the requested change in designation is not agreed to, the Party seeking the change may move the Court for appropriate relief after providing reasonable notice to any third party whose designation of produced Documents as "Confidential" in the Action may be affected. Nothing in this paragraph relieves the party designating material as Confidential Information from reviewing that material before so designating it.  Furthermore, the Party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

12.    Unless the Parties otherwise agree, within ninety (90) days of the termination of this Action, including any appeals, each Party shall either destroy or return to the producing party all production Documents designated by the producing Party as "Confidential" and all copies of such Documents, and shall destroy all extracts and/or data derived from such Documents. Each Party shall provide a certification as to such return or destruction within the ninety (90)-day period. However, Attorneys shall be entitled to retain a set of all Documents filed with the Court and all

correspondence generated in connection with this Action and original Documents in the Parties' possession prior to this Action.

13.   Any Party may apply to the Court for a modification of this Stipulation and nothing in this Stipulation shall be construed to prevent a Party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

14.   No act taken in accordance with this Stipulation shall be construed as a waiver of any claim or defense in the Action or of any position as to discoverability, relevance, or admissibility of evidence.

15.   Nothing in this Stipulation shall restrict the use or disclosure by any Party of its own Confidential Information.

16.   If any of the specific materials or information designated as "Confidential" under the terms of this Stipulation appear or are found in a publicly available form without the fault of the receiving Party herein, then such information and materials shall no longer be subject to the restrictions of this Stipulation.

17.   In the event any person, Party, witness or entity violates or threatens to violate the terms of this Stipulation during the period of time the Court has jurisdiction over this Action, the Parties agree that the aggrieved Party may immediately apply to the Court to obtain injunctive relief, or any other appropriate relief, against any such violation or threatened violation. If the violation or threatened violation occurs after the Action is terminated, the aggrieved Party can seek any appropriate remedies permitted under the law, including, without limitation, injunctive relief, in any court of competent jurisdiction.

18.   The obligations imposed by this Stipulation shall apply to all Documents and depositions that took place in the prior Action before the Department of Labor and shall survive

the termination of the above-captioned case.  Documents in the previous matter designated as "Highly Confidential" shall be treated as "Confidential" Documents under the terms of this Stipulation.

IT IS SO ORDERED   , subject to my rule of practice 4.


Date:    4/28/21
_____

_____ /s/ Alvin K. Hellerstein _____
Hon. Alvin K. Hellerstein
United States District Court Judge


CONFIDENTIALITY STIPULATION

STIPULATED TO: April 26, 2021

**ATTORNEYS FOR PLAINTIFF**
**AARON KATZEL:**

Neal Brickman
Neal@Brickmanlaw.com
Ethan Leonard
Ethan@Brickmanlaw.com
THE LAW OFFICES OF
NEAL BRICKMAN, P.C.
420 Lexington Avenue, Suite 2440
New York, New York 10170
Tel.  (212) 986-6840

**ATTORNEYS FOR DEFENDANT**
**AMERICAN INTERNATIONAL**
**GROUP, INC.:**

Antonio Perez-Marques
antonio.perez@davispolk.com
Angela T. Burgess
angela.burgess@davispolk.com
Gina Cora
gina.cora@davispolk.com
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel.  (212) 450-4559
Fax  (212) 701-5559

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF NEW YORK

AARON KATZEL,                                          )
                                                       )
                              Plaintiff,               )       20-CV-07220 (AKH)(SDA)
                                                       )
              -against-                                )
                                                       )
AMERICAN INTERNATIONAL GROUP,                          )
INC.,                                                  )
                                                       )
                              Defendant.               )
_____       )

### WRITTEN ASSURANCE FOR CONFIDENTIALITY STIPULATION AND ORDER

1.      I, _____, acknowledge that I have read and fully understand the terms of the Stipulation filed in Case No. 20-CV-07220 (AKH)(SDA), pending in the Southern District of New York.

2.      I agree to comply with and be bound by the obligations and conditions of the Stipulation.

3.      I further agree to maintain as confidential all the Confidential Information designated "Confidential" obtained pursuant to the Stipulation, or the contents of such Documents, to any person other than those specifically authorized by the Stipulation. I shall not copy or use such Documents except for the purposes of this Action and pursuant to the Stipulation. I am not currently involved, directly or indirectly, in the design, development, manufacture, marketing, and/or sale of products that directly compete with the products of _____, to which the Confidential Information belongs.

4.      As soon as practical, but no later than thirty (30) days after final termination of this Action, I further agree to return any and all Confidential Information designated "Confidential" and all copies, excerpts, summaries, notes, digests, abstracts, and indices related to such Documents, disclosed to me pursuant to the Stipulation to the attorney from whom I have received such Confidential Information.

5.      In addition, I hereby submit to the jurisdiction of the Southern District of New York for the purpose of any proceedings relating to the performance under, compliance with or violation of the Stipulation.

DATED: _____           BY: _____
                                             Signature