# Exhibit DDD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AARON KATZEL,                                              20-CV-7220 (AKH)(SDA)
                Plaintiff,
                                                           PLAINTIFF'S RESPONSE TO
      - against -                                   DEFENDANT'S REQUESTS
                                                           TO ADMIT
AMERICAN INTERNATIONAL GROUP, INC.,
                Defendant.
------------------------------------------------------------X

        COMES NOW Plaintiff, Aaron Katzel ("Katzel" or "Plaintiff"), by his attorneys, The Law Office of Neal Brickman, P.C., 420 Lexington Avenue - Suite 2811, New York, New York 10170, and as and for his responses to Defendant's, American International Group, Inc. ("AIG" or "Defendant"), Requests to Admit ("Requests"), states and alleges as follows:

<center>General Objections</center>

        1.    Plaintiff objects to the Requests to the extent that they call for information protected by the attorney-client privilege or which were prepared in anticipation of litigation or for trial or which are otherwise immune from discovery.

        2.    Those Requests which appear to call for information which are privileged, confidential, or otherwise immune from discovery, are identified in the objections and responses that follow, but no privilege may be deemed waived by any of the responses herein. However, without waiving these or any other objections set forth herein or otherwise available under law or equity, Plaintiff states that, unless otherwise indicated in the response to individual Requests, the only responses which constitute attorney-client or work product or prepared in anticipation of litigation, are those which have been authored by Plaintiff or his counsel and that counsel's staff in the bringing of this action or after the commencement of this action or in connection with the

prior OSHA action or between Plaintiff and prior counsel in consultation prior to bringing any such claim(s).

3. The responses provided herein have been prepared in full compliance with the Federal Rules of Civil Procedure, pursuant to a reasonable and duly diligent investigation and search for information. The Plaintiff has in his possession only limited documents and at his disposal only limited information as to the names, present or last known addresses, and present or former employers of persons named in this response. It should also be noted that Defendant's Requests were served prior to the completion of discovery by Plaintiff, and, therefore, Plaintiff's knowledge is limited. Accordingly, Plaintiff's responses to the Requests represent his best knowledge as of the date of the response hereof.

4. By responding to any Request, Plaintiff does not concede the materiality of the subject matter to which it refers. Plaintiff's responses are made expressly subject to, and without waiving or intending to waive, any questions or objections as to the competency, relevancy, materiality, privilege or admissibility as evidence or for any other purpose, of any information or documents produced, or of the subject matter thereof, in any proceeding including to trial of this action or any subsequent proceeding.

5. Inadvertent production of any information which is privileged, was prepared in anticipation of litigation or trial, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objection with respect to such information or any related document, or the subject matter thereof, of the information contained therein, or of Plaintiff's right to object to the use of any such information, or related documents, during any proceeding in this litigation or otherwise.

6. Plaintiff specifically reserves the right, without exception and notwithstanding any other statements herein, to supplement these responses as information becomes available or is discovered from any source through the discovery period.

Requests To Admit

1. Admit that You did not report AIG's conduct that You allegedly believed violated federal laws, as alleged in the Complaint, to the SEC, either by submitting information online vis the SEC's website or by mailing or faxing a Form TRC (Tip, Complaint or Referral) to the SEC Office of the Whistleblower.

Response: Deny. Mr. Katzel did report AIG's conduct to the SEC, both in 2017 through submission of a complaint against AIG for retaliation in violation of the Sarbanes-Oxley Act of 2002 (as amended by the Dodd–Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank" of "DFA"), Pub. L. 111–203 § 929A (2010)) and the whistleblower protection provision of Dodd-Frank 18 U.S.C. §1514A; §78u-6(h)(1)(A)(i)-(iii) (collectively the "Acts") with the Occupational Health and Safety Administration, and again on or about September 18, 2020, via submission of a copy of the Federal Complaint to the SEC under cover of a Form TRC.

2. Admit that You announced that AIG was launching a new company called the Legal Operations Company at the Association of Corporate Counsel's annual conference in 2015 without prior approval from AIG.

Response: Deny. There was no formal announcement at the Association of Corporate Counsel's annual conference in 2015. Admit that, in the context of serving on a panel of recipients of ACC's Value Champion award, which AIG's General Counsel had authorized Mr. Katzel to participate on, in 2015 Mr. Katzel was asked about AIG's plans for the Legal Operations Center following ACC's recognition of it as an industry leader in legal procurement and analytics. The inquiry was posed by a member of an audience that included prospective clients to whom TLOC had been authorized by AIG's executive leaders to conduct, and was already involved in pursuing, marketing and sales activity relating to TLOC services. Members

of the audience were, therefore, already aware that AIG had, pursuant to authorization by its executive leadership, formed TLOC and commenced business activities, including marketing and sales activities to more than 40 large commercial consumers of legal services. In responding to this inquiry, Mr. Katzel provided information regarding the activities of TLOC that AIG executive leadership had previously directed Mr. Katzel and TLOC to share in connection with its efforts to obtain new clients.

    3.    Admit that You helped facilitate the disposition of the TLOC server, which contained documents related to Project Kalahari, after AIG determined not to pursue TLOC.

Response: Deny. TLOC did not have its own server. Admit that, in 2016, AIG's then-General Counsel, Peter Solmssen, directed AIG employee Brian McGovern to terminate TLOC's contract for cloud-based information technology services, which had, to that point, supported an independent information technology environment for TLOC and its clients. On receiving this direction, Mr. McGovern informed Mr. Katzel, as his manager, of Mr. Solmssen's instructions.

    4.    Admit that the Awards You were issued by AIG were governed by the terms of the LTIP(s) pursuant to which such Awards were issued.

Response: Admit that Awards granted under the LTIP were governed by the terms of the LTIP, but state that, depending on the Award in question, Awards were also governed by other terms, including, among others, the terms of AIG's STIP (as applicable), the terms of individual grant awards, and applicable provisions of federal and state substantive law.

    5.    Admit that, under the terms of the LTIP, payment of Your Awards was conditioned upon the execution of the Release Agreement.

Response: Deny. The payment of Mr. Katzel's Awards granted under the terms of the LTIP was conditioned upon the execution of "a," not "the," Release Agreement. The

enforceability of conditions such as this has been challenged as violative of federal securities laws.

      6.     Admit that, upon Your termination from AIG, You refused to sign the Release Agreement.

Response: Admit that Mr. Katzel refused to sign the Release Agreement that AIG presented to him due to the express falsehoods contained in the Release Agreement relating to its failure to acknowledge Mr. Katzel's awareness, and communication to AIG, of the existence of compliance and internal control weaknesses at AIG, as well as unresolved claims by Mr. Katzel unrelated to his LTIP and STIP awards.

      7.     Admit that You did not enter into a contract with UBS regarding Your Awards.

Response: Deny.

      8.     Admit that AIG repeatedly requested that You accept the terms and conditions of the Award Agreement so that You could receive Your 2017 Awards.

Response: Deny (See, Response to Request to Admit #6 above.)  Admit that, after Plaintiff's communication to AIG that he had retained counsel in connection with the pending dispute, AIG contacted Plaintiff directly, and not through his counsel, repeatedly in an extended effort to pressure Plaintiff into releasing his claims against AIG in the pending dispute.  In addition, Plaintiff disputes the motivation of AIG and further notes that it was not only his 2017 awards that were cancelled.

      9.     Admit that You did not accept the terms and conditions of the Award Agreement required to accept Your 2017 Awards.

Response: Deny (See, Response to Request to Admit #5 and #6 above.)

■ ████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████





Case 1:20-cv-07220-AKH   Document 84-63   Filed 07/15/22   Page 9 of 11



25.   Admit that You are not legally entitled to, and are not seeking, and "monetary damages consisting of back pay" for any time period after March 1, 2020, when You began Your employment with SoftBank.

Response: Deny.

Dated: New York, New York
       August 13, 2021

                                                         *Ethan Leonard*
                                          The Law Offices of Neal Brickman, P.C.
                                          Attorneys for Plaintiff
                                          Neal Brickman
                                          Ethan Leonard
                                          420 Lexington Avenue – Suite 2811
                                          New York, New York 10170
                                          (212) 986-6840

## VERIFICATION

State of California    }
                       } ss.:
County of              }

Aaron Katzel, being duly sworn, deposes and says:

I am the plaintiff herein. I have read the foregoing Responses to Defendant's Request to Admit, and know the contents thereof. The same are true to my own knowledge, except as to matters alleged on information and belief, and as to those matters, your affiant believes them to be true.

_____
Aaron Katzel

Sworn to before me this
16th day of August, 2021

_____
NOTARY PUBLIC

MITCHELL D. LEE
COMM. # 2288707
NOTARY PUBLIC • CALIFORNIA
ALAMEDA COUNTY
My Commission Expires
June 10, 2023