# Exhibit EEE

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | | |
|---|---|---|
| Aaron Katzel | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  20-CV--7220 (AKH) |
| American International Group, Inc. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                   UBS AG
1285 Sixth Avenue - 38th Floor, New York, New York 10019
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see Exhibit A attached hereto.

| Place: The Law Offices of Neal Brickman, P.C. | Date and Time: |
|---|---|
| 420 Lexington Avenue - Suite 2811 New York, New York 10170    (212) 986-6840 | 08/09/2021 12:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Aaron Katzel, By:
Ethan Leonard, The Law Offices of Neal Brickman, P.C.              , who issues or requests this subpoena, are:

420 Lexington Avenue - Suite 2811, New York, New York 10170; ethan@brickmanlaw.com; (212) 986-6840

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  20-CV--7220 (AKH)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                               *Server's signature*

                                    _____
                                               *Printed name and title*

                                    _____
                                               *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

EXHIBIT A

DEFINITIONS

The following definitions incorporate by reference all the instructions, definitions, and rules contained in the Federal Rules of Civil Procedure; shall apply to and are expressly incorporated into the descriptions of documents subject to this Subpoena, regardless of whether upper- or lower-case letters are used; and otherwise shall apply as follows:

1.    "You" and "your" mean UBS AG, 1285 6th Avenue – 38th Floor, New York, New York 10019, and any parent, predecessor, subsidiary, affiliate, successor, member and/or affiliated entities, past or present of UBS and any person or entity, past or present, acting on behalf of UBS, including but not limited to, each of its respective present and former officers, executives, partners, directors, employees, attorneys, agents, and/or representatives.

2.    "AIG" means American International Group, Inc., and its parents, subsidiaries, affiliates, and divisions, or present or former officers, directors, employees, agents, representatives, advisors, consultants or any other person or entity, acting on its or their behalf, collectively and singly, past or present.

3.    "Person" shall include natural as well as legal persons.

4.    "Document" is defined to be synonymous in meaning and equal scope to the usage of this term in Federal Rule of Civil Procedure ("FRCP") 34(a) and encompassing the term "documents and electronically stored information" as used in FRCP 24(b)(2)(E), thereby including, but not limited to, any information in any written, recorded, graphic, or electronic form, whether typed, handwritten, printed, recorded, digitally encoded, photographer, photocopied, placed on microfilm or otherwise produced or reproduced, including, but not limited to, all communications, memoranda, images, facsimiles, compilations, catalogues, summaries of

information or data, notes, memoranda or oral conversations, letters, e-mails, publications, releases, articles, prospectuses, records, financial statements, analyses, charts, agreements, calendars, graphs, databases, spreadsheets, business records, insurance policies, contracts, orders, negotiations, tapes or audio recordings, photographs, motion pictures or recordings, and any draft or copy of any of the above which is non-identical, either by virtue of other material appearing therein, such as handwriting, notes, edits, or other commentary, or otherwise.  A draft or non-identical copy is a separate document within this term.

5.      "Communication" is defined to mean the transfer of any information or data (in any form and of any genre) and is to be interpreted in the broadest sense possible so as to encompass any exchange of information (1) between any two, or more, individuals, groups, entities, organizations, or otherwise; (2) under any circumstances, whether in-person, remote; (3) through any means, including, but not limited to, telephone, telefax, writing, or other electronic means such as email, text, Bloomberg chat, AOL Instant Messenger; Facebook Messenger, Twitter, Zoom, or through any social media facility.

6.      "Concern," "concerning," "relating to," or relate to" have their commonly understood meanings, to include comprising, reflecting, evidencing, constituting, pertaining to, dealing with, referring to, respecting, consisting of, embodying, establishing, connected with, commenting on, describing, analyzing, and/or showing.

7.      The connectives "and" or "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all documents that might otherwise be construed outside of its scope.  "Including" shall also be construed to mean "without limitation."  "By and between" and "among" shall be used interchangeably and have the broadest meaning and scope possible.  "All," "any," and "each" shall be construed collectively, so that

either, individually or collectively, in whole or in part, shall encompass every responsive

document.  The use of the singular form of any word includes the plural and vice-versa. The use

of a verb in one tense shall be construed to be set forth in all potentially relevant tenses as

necessary to bring within the scope of the discovery request all documents that might otherwise

be construed outside of its scope.

<u>INSTRUCTIONS</u>

Unless otherwise indicated, the following instructions apply to the requests for

production of documents below and your responses thereto:

1.      The relevant time period for these Requests is from January 1, 2016, until the present.

2.      Should you find the meaning of any term to be unclear, then you should assume a

reasonable meaning, state what that assumed meaning is, and respond on the basis of that

assumed meaning.

3.      In answering each request for production of documents, you are requested to furnish all

documents, however held or obtained, that are in your possession, custody or control - which

includes any documents in the custody and control of any of your employees, agents, attorneys,

advisors, accountants, financial advisors, officers, board members, or consultants.

4.      If, after a good faith search, you conclude there are no documents responsive to a

particular request, so state.

5.      All documents shall be produced as they are kept in the usual course of business, or

organized and labeled to correspond with each request, in accordance with Rule 34 of the Federal

Rules of Civil Procedure.

6.      For any responsive documents or information that have been withheld under claim of

privilege or work product protection, identify the document and state the basis for the privilege

or protection, and provide the following information for each document that you have withheld:

    a.    The date on which the document was prepared or the communication occurred, or an estimate thereof if no date appears on the document;

    b.    The identity of each author, writer, sender, creator, or initiator of the document, and each such person's title and his or her employer or firm;

    c.    The identities of all recipients, addressee(s), or parties for whom such document was intended or to whom the document was sent;

    d.    A description of the type of document and general subject matter of the document;

    e.    A description of the basis for withholding of the document(s) or information sufficient to permit Defendants to assess the applicability of the privilege claimed; and

    f.    Produce any non-privileged portion of such document, with the portion claimed to be privileged redacted.

7.    If you are withholding or intend to withhold any document (or any part of a document) on the basis of an objection, state so in your response.  If you note an objection but indicate that responsive documents are nonetheless being produced, we will construe your statement as a representation that you are producing all documents responsive to the request notwithstanding the objection, save for any privileged documents that are identified on a privilege log.  See Fed. R. Civ. P. 34(b)(2)(c).

8.    Consecutively number each page of all documents or information produced in response to these Requests.  This page numbering must be separate from and must not alter any original numbering on the responsive documents or information.

9.      Each responsive document or information shall be produced in its entirety, and no portion of any document or information shall be edited, cut, masked, redacted, or otherwise altered, unless for applicable privilege logged according to the procedures set forth above.  In accordance with the same, if any portion of a document is responsive, please provide each such document in its entirety.

10.     Where individual email messages are part of a single "thread," you may produce the most inclusive message and need not produce earlier, less inclusive email messages that are fully contained, including attachments, within the most inclusive email message. For the avoidance of doubt, only email messages for which the parent document and  all  attachments  are  contained in the more inclusive  email  message  will  be  considered  less inclusive email messages that need not be produced; if the later message contains different text (such as where the later message adds in-line comments to the body of the earlier message), or does not  include  an attachment  that  was  part  of  the  earlier  message,  the  earlier  message  must  be  produced.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Request No. 1:

Please provide copies of all documents, including all proposals, communications, reports, analyses, models, projections, presentations, applications, or other documentation, including any supplemental submissions or communications, provided by AIG, The Legal Operations Company LLC, and / or any employee, officer, or agent thereof, to UBS concerning UBS's Request For Proposal in 2016 relating to legal operations and legal procurement services to be delivered to UBS by the winning bidder ("RFP"), for which Accenture was ultimately selected.

Request No. 2:

      Please provide copies of all documents, including all proposals, communications, reports, analyses, models, projections, presentations, applications, or other documentation, including any supplemental submissions or communications, provided by Accenture, or any employee, officer, or agent thereof, to UBS concerning the RFP for which Accenture was ultimately selected.

Request No. 3:

      Please provide copies of any agreements between UBS and AIG concerning or relating to AIG's implementation and maintenance of, and delivery of awards (including, without limitation, shares, RSU's, rights, and other interests, whether vested or unvested) in connection with, its short term incentive plan, long term incentive plan, and other performance related employee equity plans, and the maintenance of accounts at UBS in connection therewith on behalf of employees, including, without limitation, Aaron Katzel.

Request No. 4:

      Please provide copies of all documents, including correspondence, by and between, or sent or received by, UBS and AIG concerning, related to, or otherwise referencing any equity awards, rights, RSU's, and other interests, whether vested or unvested, balance, accounts, or other assets awarded to or ever held by Aaron Katzel.

Request No. 5:

      Please provide copies of all documents, including correspondence, by and between, or sent or received by, UBS and Aaron Katzel concerning, related to, or otherwise referencing any equity awards, rights, RSU's, and other interests, whether vested or unvested, balance, accounts, or other assets awarded to or ever held by Aaron Katzel.

<u>Request No. 6</u>:

Please provide copies of any protocols, policies, processes, and/or procedures governing or applicable to actions with respect to accounts maintained on behalf of employees and former employees of AIG, including authorizations to take actions on behalf of AIG with respect to such accounts.