# Exhibit FFF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
AARON KATZEL,                                                                20-CV-7220 (AKH)(SDA)
                                        Plaintiff,

                                                                             PLAINTIFF'S RESPONSE TO
              - against -                                                    DEFENDANT AIG'S FIRST
                                                                             SET OF INTERRIGATORIES
AMERICAN INTERNATIONAL GROUP, INC.,
                                        Defendant.
-------------------------------------------------------------X

              COMES NOW Plaintiff, Aaron Katzel ("Katzel" or "Plaintiff"), by his attorneys, The

Law Office of Neal Brickman, P.C., 420 Lexington Avenue - Suite 2811, New York, New York

10170, and as and for his responses to Defendant's, American International Group, Inc. ("AIG"

or "Defendant"), First Set of Interrogatories ("Interrogatories"), states and alleges as follows:

<u>General Objections</u>

              1.       Plaintiff objects to the Interrogatories to the extent that they call for information

protected by the attorney-client privilege or which were prepared in anticipation of litigation or

for trial or which are otherwise immune from discovery.

              2.       Those Interrogatories which appear to call for information which is privileged,

confidential, or otherwise immune from discovery, are identified in the objections and responses

that follow, but no privilege may be deemed waived by any of the responses herein.  However,

without waiving these or any other objections set forth herein or otherwise available under law or

equity, Plaintiff states that, unless otherwise indicated in the response to individual

Interrogatories, the only responses which constitute attorney-client or work product or prepared

in anticipation of litigation, are those which have been authored by Plaintiff or his counsel and

that counsel's staff in the bringing of this action or after the commencement of this action or in

1

connection with the prior OSHA action or between Plaintiff and prior counsel in consultation prior to bringing any such claim(s).

3.     The responses provided herein have been prepared in full compliance with the Federal Rules of Civil Procedure, pursuant to a reasonable and duly diligent investigation and search for information.  The Plaintiff has in his possession only limited documents and at his disposal only limited information as to the names, present or last known addresses, and present or former employers of persons named in this response.  It should also be noted that Defendant's Interrogatories were served prior to the completion of discovery by Plaintiff, and, therefore, Plaintiff's knowledge is limited.  Accordingly, Plaintiff's responses to the Interrogatories represent his best knowledge as of the date of the response hereof.

4.     By responding to any Interrogatory, Plaintiff does not concede the materiality of the subject matter to which it refers.  Plaintiff's responses are made expressly subject to, and without waiving or intending to waive, any questions or objections as to the competency, relevancy, materiality, privilege or admissibility as evidence or for any other purpose, of any information or documents produced, or of the subject matter thereof, in any proceeding including to trial of this action or any subsequent proceeding.

5.     Inadvertent production of any information which is privileged, was prepared in anticipation of litigation or trial, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of any other ground for objection with respect to such information or any related document, or the subject matter thereof, of the information contained therein, or of Plaintiff's right to object to the use of any such information, or related documents, during any proceeding in this litigation or otherwise.

2

6.      In addition, information supplied in response to one demand is deemed responsive to all such overlapping demands thereafter forwarded.

7.      Plaintiff specifically reserves the right, without exception and notwithstanding any other statements herein, to supplement these responses as information become available or is discovered from any source through the discovery period.

## INTERROGATORIES

1.      Identify each employment opportunity that You pursued, rejected, or were offered.  For each opportunity identified, describe (1) whether You received an employment offer and the terms of that offer, including salary, and (2) whether You accepted or rejected the offer.

Response: Mr. Katzel objects to this demand as over-broad, unduly burdensome, within the possession and control of Defendant, having previously been responded to by Plaintiff, beyond the scope of permissible discovery, unlikely to lead to the discovery of admissible evidence, and submitted to harass and annoy.  Should Defendant consider amending the scope of the demand, Plaintiff will reconsider this response. Mr. Katzel specifically reserves the right to supplement this response. Without waiving the foregoing objection, Mr. Katzel has already produced a spreadsheet that details the employment opportunities he pursued following his termination by AIG, which indicates whether or not he was rejected or offered employment in connection with those employment opportunities.

2.      Identify all Persons to whom You or BLIP provided consulting services.  For each Person identified, describe (1) the period of time during which the consulting services were provided and (2) the amount of fees paid to You or BLIP for such services and the dates of payment.

Response: Mr. Katzel objects to this demand as over-broad, unduly burdensome, within the possession and control of Defendant, and submitted to harass and annoy.  Nevertheless, and

without waiving these, or any other, objections, Mr. Katzel submits that he provided consulting

services to various businesses subsequent to his improper termination from AIG through The

Better Legal Infrastructure Project LLC and that he has provided documentation reflecting the

various entities to which BLIP provided consulting services.  Specifically, Mr. Katzel provided

consulting services pursuant to extended engagements through BLIP to EPIQ, Apple, SoftBank

Group Corp., and Jackson Hewitt Inc, and pursuant to various expert network consultations

arranged through Third Bridge Inc. and Guidepoint Global LLC. Mr. Katzel specifically reserves

the right to supplement this response.

      3.      Describe Your current employment, including Your employer, job title, job
               responsibilities, start date, salary, and benefits.

Response: Mr. Katzel objects to this demand as over-broad, unduly burdensome, within

the possession and control of Defendant, having been previously provided to Defendant,

substantially unlikely to lead to the discovery of admissible evidence, and submitted to harass

and annoy.  Nevertheless, and without waiving these, or any other, objections, Mr. Katzel

submits that his current employment with SoftBank as its Group Head of Legal and Compliance

Operations and Innovation commenced on or about March 2, 2020. His salary and benefit and

his job responsibilities are detailed in the attached Offer Letter and Job Description.

Mr. Katzel specifically reserves the right to supplement this response.

      4.      Identify any and all support for Your calculation that damages "consisting of back
               pay, with interest" are "presently in excess of $5 million" as alleged in the
               Complaint.

Response: Mr. Katzel objects to this demand as over-broad, unduly burdensome, within

the possession and control of Defendant, having been previously provided to Defendant, and

submitted to harass and annoy.  Nevertheless, and without waiving these, or any other,

objections, Mr. Katzel submits that the number in question was calculated based on (1) wages, bonuses, and benefits lost during the period during which he was out of work; (2) the variance between the amounts that he earned after his improper termination and those monies and benefits he would have been earning at Defendant, had he not been improperly terminated, during the same period; (3) the value of the performance equity awards and other forms of incentive compensation that he would have earned during the period which he was out of work, had he not been improperly terminated by Defendant; and (4) interest accrued on such sums since the time of Mr. Katzel's termination and or the termination of his equity awards, as applicable.  Mr. Katzel specifically reserves the right to supplement this response and to hire an expert or experts in order to more precisely to calculate his damages.

5.    Identify any and all support for Your calculation that "emotional distress damages for the anxiety and emotional distress [Plaintiff] experienced" are "in excess of $1 million" as alleged in the Complaint.

Mr. Katzel objects to this demand as over-broad, unduly burdensome, within the possession and control of Defendant, having been previously provided to Defendant, and submitted to harass and annoy.  Nevertheless, and without waiving these, or any other, objections, Mr. Katzel submits that these damages stem from the retaliation improperly perpetrated by Defendant and consequential damages of the same to Mr. Katzel. Mr. Katzel suffered from anxiety, depression, and emotional distress as a result of AIG's bad acts, including, but not limited to, its improper termination of his employment and his equity interests, and its retaliatory efforts to impugn Mr. Katzel's reputation and interfere with his ability to obtain subsequent employment.  Mr. Katzel specifically reserves the right to supplement this response.

5

6.      Identify any and all support for Your calculation that "reputational damages for the reputational harm [Plaintiff] has experienced" are "in excess of $1 million" as alleged in the Complaint.

Mr. Katzel objects to this demand as over-broad, unduly burdensome, within the possession and control of Defendant, having been previously provided to Defendant, and submitted to harass and annoy.  Nevertheless, and without waiving these, or any other, objections, Mr. Katzel submits that the retaliatory acts of Defendant set forth in the Complaint, which included actions by representatives of Defendant to impugn Mr. Katzel's reputation with his professional contacts, contributed to both the loss of business advisory and employment opportunities for Mr. Katzel during the period from 2017 to 2020 , resulting in both loss of opportunities to earn income and long term damage to his future earnings potential.

Mr. Katzel specifically reserves the right to supplement this response.

7.      Identify all Persons at AIG who You maintain should have participated in the "survey regarding services that the LOC provided," as described in paragraph 86 of the Complaint, but were not included as participants in the survey.

Mr. Katzel objects to this demand as over-broad, within the possession and knowledge of Defendant, as requested from Defendant in discovery, and submitted solely to harass any annoy.  Nevertheless, any without waiving these, or any other, objections, Mr. Katzel submits that the following individuals should not have participated in the survey as they had no meaningful or relevant interaction with the Legal Operations Center, and therefore had no basis to provide substantive or relevant feedback on the topics for which the survey was purportedly intended to provide insights: (a) Blake Namba; (b) Tim Gladura; and (c) Gil Amoray.  Moreover, the survey omitted representatives from functional areas that actually had extensive, regular, substantive interaction with the Legal Operations Center, who would have been in a position to provide a

6

meaningful perspective on the value delivered by the services of the Legal Operations Center, and the client experience of working with their team: (a) Finance, (b) Internal Audit, and (c) Procurement.  Mr. Katzel specifically reserves the right to supplement this response.

> 8.     Identify the Persons that You believe should have been interviewed as part of the internal compliance investigation described in paragraphs 145 through 148 of the Complaint.

Mr. Katzel objects to this demand as over-broad, within the possession and knowledge of Defendant, as requested from Defendant in discovery, and submitted solely to harass any annoy. Nevertheless, any without waiving these, or any other, objections, Mr. Katzel submits that the following individuals should have been interviewed as part of the internal compliance investigation:

(a)     Representatives of Accenture who were involved in (i) the receipt of confidential business information from AIG, (ii) the delivery of advisory services to AIG in connection with Project Kalahari, (iii) the delivery of analysis of AIG's Legal Operations Center in connection with the March 2016 Global Claims Operations Optionality Discussion (iv) serving as client representatives for AIG's account with Accenture, and (v) delivery of advisory services to UBS pursuant to the engagement resulting from the RFP which Accenture won following the termination of Project Kalahari;

(b)     Representatives of UBS involved in the selection of a provider of legal procurement and analytics services pursuant to the RFP in which The Legal Operations Company participated;

7

(c)   Representatives of Oliver Wyman, including Prashanth Gangu and Ramy Tadros, who were involved in reviewing and valuing The Legal Operations Company and the business opportunity it provided for AIG;

(d)   Representatives of Loeb Partners, including Said Armutcuoglu, and Napier Park, including Manu Rana, who were involved in extensive evaluation of, and discussions with senior representatives of AIG regarding, the business opportunity presented by The Legal Operations Company;

(e)   Alon Neches;

(f)   Sid Sankaran,

(g)   Jeffrey Hurd,

(h)   Doney Largey

(i)   Brian O'Connor,

(j)   Janet Gill,

(k)   Participants in the Kalahari LOC user survey process conducted by Mr. Owczarek,

(l)   Max Rossiter, and

(m)   Representatives of AIG's Information Technology, Legal Operations, Investigations and Litigation teams involved in the collection, preservation, review and production of electronic records.

Mr. Katzel specifically reserves the right to supplement this response.



████████████████████████████████████████████████

████████████████████████████████████████████████

████████████

11.     Identify with specificity all federal laws and regulations that allegedly You
        reasonably believed AIG's conduct had violated when, as alleged in the
        Complaint, You engaged in activity protected by 18 U.S.C. § 1514A.

Mr. Katzel objects to this demand as over-broad, unduly burdensome, within the

possession and control of Defendant, having been previously provided to Defendant, and

submitted to harass and annoy.  Nevertheless, and without waiving these, or any other,

objections, Mr. Katzel submits that the specific acts by AIG about which Mr. Katzel complained

are laid out in detail in the OSHA documents and the Complaint herein, such acts which

ultimately invoke the protections of 18 U.S.C.§ 1514(a), include, but are not limited to, the

fraudulent collusion among AIG employees, members of AIG management, and third parties to

divert a material business opportunity away from AIG to a business competitor; the existence,

perpetration, and condoning of conflict of interests within AIG management to the detriment of

shareholders; the exploitation by AIG employees and certain members of AIG management of

internal control failures within the company's process for evaluating strategic transactions in

order to perpetrate the fraudulent deception of AIG's executive leadership as to the value and

feasibility of a material business opportunity, to the detriment of AIG shareholders; the

fraudulent destruction, and improper safeguarding, of corporate records to the detriment of

shareholders; the impermissible sharing of confidential corporate records in violation of AIG

compliance policies with competitors to the detriment of shareholders; the covering up of such

improprieties and the failure to maintain records concerning or to properly disclose such

10

activities to the detriment of shareholders, and, thereby, also serving as violations of 18 U.S.C.

1348 and 1349.  Mr. Katzel specifically reserves the right to supplement this response.

> 12.     Describe in detail the support for Your allegations that You provided information
>         to the SEC about conduct that You "believed violated federal laws designed to
>         protect shareholders and investors from fraud" as alleged in paragraph 225 of the
>         Complaint.

Mr. Katzel objects to this demand as over-broad, unduly burdensome, within the

possession and control of Defendant AIG, having been repeatedly provided to Defendant by

Plaintiff, having been previously discussed with Defendant by Plaintiff and his representatives,

beyond the scope of permissible discovery, and submitted to harass and annoy.  Nevertheless,

and without these, or any other, objections, Mr. Katzel submits that this information has already

been provided in the OSHA proceeding and in the pleadings herein – which allegations are

incorporated herein by reference.  Mr. Katzel specifically reserves the right to supplement this

response.

> 13.     Document in detail the circumstances under which the OSHA Complaint was
>         forwarded to the SEC as alleged in paragraph 226 of the Complaint, including
>         who forwarded it, when, and by what means.

Mr. Katzel objects to this demand as over-broad, unduly burdensome, within the

possession and control of Defendant AIG, having been requested from Defendant AIG in

discovery, and submitted to harass and annoy.  Nevertheless, and without waiving these, or any

other, objections, Mr. Katzel submits that, upon information and belief, filings with OSHA are

forwarded to the SEC as a matter of practice and policy, and that, a copy of the Complaint with

an accompanying Form TCR was submitted via Federal Express on behalf of Mr. Katzel on or

about September 18, 2020.   Mr. Katzel specifically reserves the right to supplement this response.

14.     Describe in detail Your involvement in the disposition of the TLOC server, which documents related to Project Kalahari.

Mr. Katzel objects to this demand as over-broad, unduly burdensome, within the possession and control of Defendant, having been partially requested from Defendant in discovery, and submitted to harass and annoy.  Nevertheless, and without waiving these, or any other, objections, Mr. Katzel submits that  TLOC did not have its own server and, that in 2016, AIG's then-General Counsel, Peter Solmssen, directed AIG employee Brian McGovern to terminate TLOC's contract for cloud-based information technology services, which had, to that point, supported an independent information technology environment for TLOC and its clients. On receiving this direction, Mr. McGovern informed Mr. Katzel, as his manager, of Mr. Solmssen's instructions.  Mr. Katzel specifically reserves the right to supplement this response.

15.     Describe in detail the reasons why You refused to accept the terms and conditions of the Award Agreement required for acceptance of Your 2017 Awards.

Mr. Katzel objects to this demand as over-broad, unduly burdensome, within the possession and control of Defendant, having previously been provided to Defendant, misstating the actual facts and relevant circumstances of this matter and the situation caused by Defendant's bad acts, and submitted to harass and annoy.  Nevertheless, and without waiving these, or any other, objections, Mr. Katzel reminds Defendant that Plaintiff was duty, and morally, bound to file his OSHA complaint based on the myriad compliance and internal control failures at Defendant, as well as Defendant's retaliatory termination of his employment as a result of Plaintiff's calling AIG's attention thereto.  Mr. Katzel did not refuse to accept any legal terms or

12

conditions of his LTIP awards, rather it was AIG who improperly cancelled not only Mr.

Katzel's 2017 Awards, but also all of his LTIP awards because he had filed his OSHA complaint

as to matters then unrelated to later improper cancellation of his awards, in each case in violation

of the express contractual terms thereof.  Mr. Katzel specifically reserves the right to supplement

this response.

Dated: New York, New York
      August 13, 2021

*Ethan Leonard*
_____
The Law Offices of Neal Brickman, P.C.
Neal Brickman (NB0874)
Ethan Leonard (EL2497)
420 Lexington Avenue - Suite 2811
New York, New York 10170
Telephone: (212) 986-6840
Fax: (212) 986-7691
neal@brickmanlaw.com

**VERIFICATION**

State of California            }
                               }  ss.:
County of                      }

       Aaron Katzel, being duly sworn, deposes and says:

       I am the plaintiff herein.  I have read the foregoing Interrogatory Responses, and know the contents thereof.  The same are true to my own knowledge, except as to matters alleged on information and belief, and as to those matters, your affiant believes them to be true.

                                        Aaron Katzel

Sworn to before me this
10th day of August, 2021

MITCHELL D. LEE
COMM. # 2288707
NOTARY PUBLIC·CALIFORNIA
ALAMEDA COUNTY
My Commission Expires
June 10, 2023
JAS1   JAS1

NOTARY PUBLIC

14