# Exhibit GGG

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON KATZEL,<br><br>    Plaintiff,<br><br> - against -<br><br>AMERICAN INTERNATIONAL GROUP, INC.,<br><br>    Defendant. | Case No: 20-cv-07220 (AKH) |

**DEFENDANT AMERICAN INTERNATIONAL GROUP, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure (the "Federal Rules") and Rule 33.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), Defendant American International Group, Inc. ("AIG"), by and through its undersigned counsel, hereby requests that Plaintiff Aaron Katzel answer, under oath, each of the following interrogatories (the "Interrogatories," and each an "Interrogatory") within thirty days of service.

**DEFINITIONS**

1. AIG incorporates by reference the Uniform Definitions contained in Local Rule 26.3 to the extent that such definitions are not inconsistent with the definitions below.

2. The term "Action" refers to the action pending in the United States District Court for the Southern District of New York, titled *Aaron Katzel v. American International Group, Inc.*, Case No. 20-cv-07220-AKH.

3. The term "Complaint" refers to the First Amended Complaint, dated April 16, 2021 (ECF No. 53), filed in the Action.

4. The term "LOC" refers to AIG's internal Legal Operations Center and its divisions, present or former officers, directors, employees, agents, representatives, advisors, consultants or any other person or entity, acting on its or their behalf, collectively and singly, past or present.

5. The term "LOC Survey" refers to the "survey regarding services that the LOC provided" referenced in paragraph 86 of the Complaint.

6. The terms "Plaintiff," "You," and "Your" refer to Aaron Katzel. In addition, the terms "Plaintiff," "You," and "Your" include each of the Plaintiff's agents, attorneys, advisors, or representatives and/or all other Persons acting on the Plaintiff's behalf.

7. "Including" shall mean including, by way of example, without limitation.

8. "AIG" refers to American International Group, Inc., and its parents, subsidiaries, affiliates, and divisions, or present or former officers, directors, employees, agents, representatives, advisors, consultants or any other person or entity, acting on its or their behalf, collectively and singly, past or present.

9. The term "Project Kalahari" refers to the proposed spin-off of the LOC from AIG into a stand-alone business, sometimes referred to as "The Legal Operations Center" or "TLOC," which was a business opportunity AIG considered pursuing in 2015 through October 2016.

10. "Termination Date" refers to May 4, 2017, the date Plaintiff was notified of his termination of employment at AIG as stated in paragraph 177 of the Complaint.

11. "Accenture" refers to the management consulting and professional services firm Accenture PLC, its parents, subsidiaries, affiliates and divisions, and their respective employees, officers, directors, agents, consultants, lawyers, advisors or anyone acting on behalf of any of the foregoing persons.

12. "BLIP" refers to Plaintiff's own consulting business, The Better Legal Infrastructure Project LLC.

13. The term "UBS" refers to the financial services company UBS AG, its parents, subsidiaries, affiliates and divisions, and their respective employees, officers, directors, agents, consultants, lawyers, advisors or anyone acting on behalf of any of the foregoing persons.

14. The term "UBS RFP" refers to the request for proposal in the summer and fall of 2016 wherein "UBS solicited bids from prospective providers of legal operations services to assist it in achieving additional efficiencies in its procurement and management of external legal services pursuant to a long-term outsourced services contract," as described in paragraph 102 of the Complaint.

15. The term "SoftBank" refers to SB Group US, Inc. and any employees, affiliates, agents, representatives, consultants, lawyers, advisors, and/or any person or entity that acts on its behalf.

16. "Awards" refers to the annual performance share units issued under, and pursuant to the terms of, AIG's Long Term Incentive Plan.

17. The term "OSHA Complaint" refers to the complaint filed in *Aaron Katzel v. American International Group, Inc.*, No. 2-4173-18-014, filed with the U.S. Department of Labor, Occupational Safety and Health Administration on October 30, 2017.

18. "SEC" refers to the U.S. Securities and Exchange Commission.

19. The term "Award Agreement" refers to the agreement that must be executed in order to accept Awards granted under AIG's Long Term Incentive Plan.

**INSTRUCTIONS**

1. This is a continuing request for information. If, after making an initial response to these Interrogatories, You obtain or discover any further responsive information or become

3

aware that a response is inaccurate, incomplete, or misleading, You are required to supplement and/or amend Your responses promptly pursuant to Rule 26(e) of the Federal Rules.

2. These Interrogatories must be answered fully unless You object in good faith. If You do object, You must state reason(s) for Your objection(s). If an objection pertains only to a portion of an Interrogatory, state Your objection to that portion only and respond to the remainder of the Interrogatory.

3. If in answering an Interrogatory, You claim any ambiguity in interpreting either the Interrogatory or a definition or instruction applicable thereto, such claim shall not be used by You as a basis for refusing to respond, but You shall set forth as part of Your response the language deemed to be ambiguous and the interpretation chosen or used in responding to the Interrogatory.

4. If You cannot respond to these Interrogatories in full after exercising due diligence to secure a response as requested, You shall so state and respond to the extent possible, specifying the nature of Your inability to respond to the remainder.

5. If You withhold any answer to the following Interrogatories by reason of a claim of privilege or otherwise, provide a privilege log stating: (i) the type of privilege asserted; (ii) the names of every Person who has been privy to such information; (iii) the facts and circumstances supporting the claim of privilege; (iv) the Interrogatory to which the information relates; and (v) a general description of the subject matter of the withheld information.

6. If You answer the Interrogatories by reference to Document(s) from which the answer may be derived or ascertained, (i) identify the production number(s) of the Document(s) from which the answer may be derived or ascertained; (ii) produce to Defendant any such Document that has not been produced to date; and (iii) describe in detail how to derive or

ascertain the answer from the Document.

7. These Interrogatories call for the production of responsive information in Your possession, custody, or control, including but not limited to Your employees, agents, investment managers, investment advisers, financial advisers, securities brokers or dealers, investigators, accountants, attorneys, or other Persons acting on Your behalf, regardless of location.

8. For the purpose of reading, interpreting, or construing the scope of these Interrogatories, the terms used should be given their most expansive and inclusive interpretation.

9. Unless instructed otherwise, each Interrogatory should be construed independently and not by reference to any other Interrogatory for the purpose of limitation.

10. Unless otherwise instructed or clear from the context of the Interrogatory, these Interrogatories seek responsive information concerning the period from October 1, 2015 through the present. Defendant reserves the right to expand the time frame of these and any future Interrogatories.

11. These Interrogatories should not be construed as a waiver or an abridgment of, and are not intended to waive, any argument or defense, or any objection to Plaintiff's discovery requests, nor shall they be construed as an agreement with or admission or acknowledgment of any allegation or assertion of Plaintiff.

12. The use of one tense shall include all other tenses. The singular includes the plural, and the plural includes the singular.

## **INTERROGATORIES**

1. Identify each employment opportunity that You pursued, rejected, or were offered. For each opportunity identified, describe (1) whether You received an employment

offer and the terms of that offer, including salary, and (2) whether You accepted or rejected the offer.

2. Identify all Persons to whom You or BLIP provided consulting services. For each Person identified, describe (1) the period of time during which the consulting services were provided and (2) the amount of fees paid to You or BLIP for such services and the dates of payment.

3. Describe Your current employment, including Your employer, job title, job responsibilities, start date, salary, and benefits.

4. Identify any and all support for Your calculation that damages "consisting of back pay, with interest" are "presently in excess of $5 million" as alleged in the Complaint.

5. Identify any and all support for Your calculation that "emotional distress damages for the anxiety and emotional distress [Plaintiff] experienced" are "in excess of $1 million" as alleged in the Complaint.

6. Identify any and all support for Your calculation that "reputational damages for the reputational harm [Plaintiff] has experienced" are "in excess of $1 million" as alleged in the Complaint.

7. Identify all Persons at AIG who You maintain should have participated in the "survey regarding services that the LOC provided," as described in paragraph 86 of the Complaint, but were not included as participants in the survey.

8. Identify the Persons that You believe should have been interviewed as part of the internal compliance investigation described in paragraphs 145 through 148 of the Complaint.

9. Describe in detail Your "ongoing concerns" and "health issues" that You allege in paragraph 213 of the Complaint were "caused, in part, by AIG's retaliatory termination and post-

employment retaliation." For each "concern" and "health issue" identified, (1) identify each time in Your life that You were diagnosed and/or treated for such "concern" or health issue, and (2) describe the treatment(s) You received during Your lifetime for such "concern" or health issue, including (a) the frequency of any therapy You received, (b) the medications (including dosage) You took, (c) the periods of time that You took each medication, and (d) any medical professionals who treated You for each "concern" or health issue identified.

10. Identify when You first began "attend[ing] therapy on a regular basis," as described in paragraph 213 of the Complaint, and the frequency with which You have attended therapy sessions since that time.

11. Identify with specificity all federal laws and regulations that allegedly You reasonably believed AIG's conduct had violated when, as alleged in the Complaint, You engaged in activity protected by 18 U.S.C. § 1514A.

12. Describe in detail the support for Your allegations that You provided information to the SEC about conduct that You "believed violated federal laws designed to protect shareholders and investors from fraud" as alleged in paragraph 225 of the Complaint.

13. Describe in detail the circumstances under which the OSHA Complaint was forwarded to the SEC as alleged in paragraph 226 of the Complaint, including who forwarded it, when, and by what means.

14. Describe in detail Your involvement in the disposition of the TLOC server, which contained documents related to Project Kalahari.

15. Describe in detail the reasons why You refused to accept the terms and conditions of the Award Agreement required for acceptance of Your 2017 Awards.

Dated: New York, New York  
      July 9, 2021

Respectfully submitted,

By: \_\_\_\_/s/ Gina Cora_____  
Antonio J. Perez-Marques  
antonio.perez@davispolk.com  
Angela T. Burgess  
angela.burgess@davispolk.com  
Gina Cora  
gina.cora@davispolk.com  
DAVIS POLK & WARDWELL LLP  
450 Lexington Avenue  
New York, New York 10017  
Tel. (212) 450-4559  
Fax (212) 701-5559

*Attorneys for Defendant American International Group, Inc.*